**[Cite as *State v. Carroll*, 2024-Ohio-1626.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JUSTIN CARROLL,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-30

O P I N I O N

---

Appeal from Crawford County Common Pleas Court
Trial Court No. 22-CR-0253

**Judgment Affirmed**

**Date of Decision:  April 29, 2024**

---

APPEARANCES:

    *Tyler Naud Jechura* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Justin Carroll ("Carroll") appeals the judgment of the Crawford County Court of Common Pleas, arguing that his conviction is not supported by sufficient evidence or the manifest weight of the evidence. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Brenda Hager ("Hager") worked at a gas station in Bucyrus. On July 17, 2022 at 2:15 A.M., Hager saw Carroll emerge from a red car in the parking lot, enter the gas station store, and ask where the restrooms were located. After Hager directed him to go down the hall, Carroll went into the restroom and then left the building. Over two hours later, Hager saw that the red car was still in the parking lot of the gas station. She also noticed that the vehicle was situated in the fire lane. At this point, Hager called 9-1-1 and asked the police to perform a welfare check.

{¶3} Officer Noah Graves ("Officer Graves") responded to this call and approached the red car in the parking lot. He observed Carroll "slumped over" in the driver's seat of the vehicle. Officer Graves saw that Carroll was drooling, sweating, and making "slight arm movements." (Tr. 22). While Carroll was initially non-responsive, he eventually got out of the vehicle at the request of the police. Officer Graves came to believe that Carroll may have used narcotics after conducting an examination of his eyes.

{¶4} After Carroll identified himself, the police learned that a warrant had been issued for his arrest. After being arrested, Carroll gave consent for the police to search his vehicle. Officer Graves then located a bag under the driver's seat that contained a crystalline substance that appeared to be composed of methamphetamines. He also located a wallet inside this bag that contained a debit card and an identification card with Carroll's name on them. Carroll stated that the wallet belonged to him.

{¶5} The police continued to search the car and located a magnetic black box on the passenger's side of the vehicle that contained two other baggies of crystalline substances. Officer Graves later testified that, in his experience, these types of magnetic box have typically been used to store drugs on the bottom of a vehicle to avoid detection. The police also located a digital scale in the vehicle. Officer Graves testified that scales are often found alongside illegal narcotics because these devices are used to establish the weight of the drugs in a transaction or for personal consumption.

{¶6} These crystalline substances were later tested and found to contain a total of 53.6 grams of methamphetamines. On July 26, 2022, Carroll was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a second-degree felony. After a trial on June 1, 2023, the jury returned a verdict of guilty on the charge against Carroll. The trial court issued its judgment entry of sentencing on June 7, 2023.

*Assignment of Error*

**{¶7}** Carroll filed his notice of appeal on June 23, 2023. On appeal, he raises the following assignment of error:

> **The trial court [erred] when it convicted Mr. Carroll as the State failed to prove all elements of the offense. This conviction would then be against both the sufficiency of the evidence and the manifest weight of the evidence.**

Carroll asserts that that State failed to establish that he knowingly possessed the contraband that was recovered from the vehicle.

*Standard of Review*

**{¶8}** A sufficiency-of-the-evidence analysis examines whether the State has carried its burden of production at trial. *State v. Richey*, 2021-Ohio-1461, 170 N.E.3d 933, ¶ 16 (3d Dist.). On review, an appellate court is not to consider whether the evidence at trial should be believed but whether the evidence, if believed, could provide a legal basis for the finder of fact to conclude that the defendant is guilty of the crime charged. *State v. Smith*, 2023-Ohio-3015, 223 N.E.3d 919, ¶ 19 (3d Dist.). Accordingly, the applicable standard "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *State v. Plott*, 2017-Ohio-38, 80 N.E.3d 1108, ¶ 62 (3d Dist.).

**{¶9}** In contrast, a manifest-weight analysis examines whether the State has carried its burden of persuasion at trial. *State v. Wilson*, 2022-Ohio-504, 185 N.E.3d

176, ¶ 58 (3d Dist.). On review, "an appellate court's function * * * is to determine whether the greater amount of credible evidence supports the verdict." *State v. Harvey*, 3d Dist. Marion No. 9-19-34, 2020-Ohio-329, ¶ 12, quoting *Plott* at ¶ 73.

> Appellate courts "must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"

*State v. Randle*, 2018-Ohio-207, 104 N.E.3d 202, ¶ 36 (3d Dist.), quoting *Plott* at ¶ 73, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541 (1997).

{¶10} While an appellate court sits as a "thirteen juror" in this analysis, it must still "allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses." *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 37-38 (3d Dist.), quoting *State v. Coleman*, 3d Dist. Allen No. 1-13-53, 2014-Ohio-5320, ¶ 7. "Only in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 119, quoting *Thompkins* at 387.

*Legal Standard*

{¶11} To establish a conviction for aggravated possession of drugs as a second-degree felony, the State must prove that the defendant "knowingly

obtain[ed], possess[ed], or use[d] a controlled substance or a controlled substance analog" in an amount that "equals or exceeds five times the bulk amount but is less than fifty times the bulk amount." R.C. 2925.11(A), (C)(1)(c). In turn, R.C. 2901.22(B) states:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

Further, R.C. 2925.01(K) defines "possession" as "having control over a thing or substance * * *." However, possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶12} "Possession of drugs can be either actual or constructive." *State v. Bustamante*, 3d Dist. Seneca Nos. 13-12-26, 13-13-04, 2013-Ohio-4975, ¶ 25.

> "A person has 'actual possession' of an item if the item is within his immediate physical possession." *State v. Williams*, 4th Dist. Ross No. 03CA2736, 2004-Ohio-1130, ¶ 23. "A person has 'constructive possession' if he is able to exercise dominion and control over an item, even if the individual does not have immediate physical possession of it." *Bustamante* at ¶ 25. "For constructive possession to exist, '[i]t must be shown that the person was conscious of the presence of the object.'" *Id.*, quoting *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362 (1982).

*State v. Troche*, 3d Dist. Marion No. 9-22-18, 2023-Ohio-565, ¶ 26. "[T]he State may prove * * * constructive possession of contraband by circumstantial evidence alone." *State v. McClain*, 2020-Ohio-1436, 153 N.E.3d 854, ¶ 45 (3d Dist.), quoting *Bustamante* at ¶ 25.

> 'Although a defendant's mere proximity to drugs is in itself insufficient to establish constructive possession, proximity to the drugs may constitute some evidence of constructive possession.' *State v. Brown*, 4th Dist. Athens No. 09CA3, 2009-Ohio-5390, * * * ¶ 20 * * *. 'Therefore, presence in the vicinity of contraband, coupled with another factor or factors probative of dominion or control over the contraband, may establish constructive possession.' *Id.* * * *

(Citations omitted.) *McClain* at ¶ 46. For example, "when one is the driver of a car in which drugs are within easy access of the driver, constructive possession may be established." *State v. Silvas*, 3d Dist. Shelby No. 17-21-03, 2021-Ohio-4473, ¶ 14, quoting *State v. Fry*, 4th Dist. Jackson No. 03CA26, 2004-Ohio-5747, ¶ 41.

*Legal Analysis*

**{¶13}** As to the sufficiency of the evidence, the police located methamphetamines under the driver's seat of a parked car where Carroll had been sitting for several hours. Carroll was the sole occupant of the vehicle. These drugs were found inside a bag that contained a wallet that Carroll identified as belonging to him. The wallet contained an identification card and a debit card with Carroll's name on them. *See State v. Johnson*, 3d Dist. Crawford No. 3-22-51, 3-22-52, 2023-Ohio-2638, ¶ 9; *State v. Pierce*, 3d Dist. Paulding No. 11-09-05, 2010-Ohio-478, ¶ 17. The other drugs were located in close proximity to the driver's seat on the

passenger's side of the vehicle. Further, Hager testified that no one else was around the red car in the parking lot that morning.

{¶14} From this testimony, a trier of fact could reasonably conclude that Carroll knowingly exercised dominion and control of the methamphetamines that were located inside the red car. *See Troche*, *supra*, at ¶ 37. Thus, having examined the evidence in the record in a light most favorable to the prosecution, we conclude that the State produced sufficient evidence to support Carroll's conviction.

{¶15} As to the manifest weight of the evidence, Carroll argues that the State failed to examine the baggies that contained the methamphetamines for fingerprints or DNA samples. However, "a lack of physical evidence, standing alone, does not render [a defendant's] conviction against the manifest weight of the evidence." *State v. Peeples*, 10th Dist. Franklin No. 13-AP-1026, 2014-Ohio-4064, ¶ 21. *State v. Poindexter*, 10th Dist. Franklin No. 19AP-394, 2021-Ohio-1499, ¶ 22 (addressing the absence of DNA evidence); *State v. Peabody*, 6th Dist. Erie No. E-22-042, 2024-Ohio-185, ¶ 54-55 (addressing the absence of fingerprint evidence).

{¶16} Further, on cross examination, Officer Graves testified that the red car did not belong to Carroll but was owned by a Michael Mayberry. However, he also testified that the owner of the vehicle was not in or around the red car when the drugs were discovered; that Carroll was in control of the vehicle when the welfare check was conducted; and that no one else had been seen in or around the red car that morning. Officer Graves also acknowledged that Carroll denied ownership of

the drugs in the vehicle and that no illegal narcotics were found on his person during the search incident to his arrest.

{¶17} In examining the evidence presented at trial on the basis of its weight and credibility, we have found no indication that the finder of fact clearly lost its way and returned a verdict that was against the manifest weight of the evidence. The evidence in the record does not weigh heavily against the conclusion that Carroll knowingly had constructive possession of the controlled substances that were located under the driver's seat of the red vehicle. Accordingly, the sole assignment of error is overruled.

*Conclusion*

{¶18} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**