[Cite as *State v. Whitt*, 2025-Ohio-424.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

      CASE NO. 8-24-31

v.

BRANDON P. WHITT,

      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 23 05 0111

Judgment Affirmed

Date of Decision:  February 10, 2025

APPEARANCES:

    *Alison Boggs* for Appellant

    *Stacia L. Rapp* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Brandon P. Whitt ("Whitt") appeals the judgment of the Logan County Court of Common Pleas, arguing that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} On September 5, 2022, Sergeant Earl Wisener ("Sergeant Wisener") of the Washington Township Police Department was in his cruiser when he observed Whitt driving in a pickup truck with his girlfriend, Jessica Fuller ("Fuller"). Sergeant Wisener performed a records check on Whitt and discovered that he was driving under suspension. When Sergeant Wisener activated his lights to initiate a traffic stop, Whitt "slow[ed] down a little bit" before he "t[ook] off." (Tr. 111). In response, Sergeant Wisener activated his siren and yelled "Brandon, stop" out of the window of his cruiser. (Tr. 111).

{**¶3**} As he followed Whitt, Sergeant Wisener reached a speed of forty-five miles per hour while driving across a gravel alleyway in a residential area. Whitt eventually brought his vehicle to a stop when the alleyway ended at an intersection. Sergeant Wisener approached Whitt and said, "[W]hat are you doing?" (Tr. 117). Whitt replied, "I'm sorry man, I got scared * * *." (Tr. 117).

{¶4} Whitt then consented to a search of his pickup truck. While searching the vehicle, Sergeant Wisener located a blue latex glove that "was missing an index finger" inside a black book bag. (Tr. 119). He then began to search the ground along the roadway where he had followed Whitt's vehicle in his cruiser. Around forty feet away from the pickup truck, Sergeant Wisener discovered what looked like a blue balloon in the grass.

{¶5} On further examination, Sergeant Wisener came to believe that this item was the missing index finger from the blue latex glove that he had found in the black book bag. The top of this portion of the latex glove had been tied into a knot and contained "a white crystal substance" that appeared to be methamphetamine. (Tr. 128). After he was *Mirandized*, Whitt asked Sergeant Wisener whether he "f[ou]nd a glove without a finger[.]" (Tr. 129). When Sergeant Wisener indicated that such an item had been located, Whitt responded by saying, "well, I'll let the courts handle it then. I get it." (Tr. 129).

{¶6} Law enforcement sent the suspected contraband to the Ohio Bureau of Criminal Investigation for examination. Subsequent testing established that this white crystalline substance was comprised of 0.69 grams of methamphetamine. On May 10, 2023, Whitt was indicted on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A), a first-degree misdemeanor; one count of tampering with evidence in violation of R.C.

2921.12(A)(1), a third-degree felony; and one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony.

{¶7} On April 22, 2024, a jury trial commenced on these charges. During Sergeant Wisener's trial testimony, footage from the dashboard camera in his police cruiser was introduced for the jury to view. On April 23, 2024, the jury returned verdicts of guilty on all three charges against Whitt. The trial court issued its judgment entry of sentencing on June 5, 2024.

{¶8} Whitt filed his notice of appeal on June 10, 2024. On appeal, he raises the following two assignments of error:

**First Assignment of Error**

**The jury's verdict is against the manifest weight of the evidence.**

**Second Assignment of Error**

**The trial court erred when it overruled Mr. Whitt's motion for a Criminal Rule 29 acquittal on count II, nor was the evidence sufficient for a conviction for any of the counts.**

We will examine these two assignments of error together in one analysis because the arguments presented in each overlap.

*First and Second Assignments of Error*

{¶9} Whitt argues that his three convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

Legal Analysis

**{¶10}** A sufficiency-of-the-evidence analysis examines whether the State has carried its burden of production at trial. *State v. Richey*, 2021-Ohio-1461, ¶ 16 (3d Dist.). "On review, an appellate court is not to consider whether the evidence at trial should be believed but whether the evidence, if believed, could provide a legal basis for the finder of fact to conclude that the defendant is guilty of the crime charged." *State v. Daniels*, 2024-Ohio-1536, ¶ 13 (3d Dist.).

> Accordingly, the applicable standard 'is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.'

*State v. Reed*, 2024-Ohio-4838, ¶ 30 (3d Dist.), quoting *State v. Plott*, 2017-Ohio-38, ¶ 62 (3d Dist.).

**{¶11}** In contrast "[a] manifest-weight analysis examines whether the State has carried its burden of persuasion at trial." *State v. Carroll*, 2024-Ohio-1626, ¶ 58 (3d Dist.). On review, "an appellate court's function * * * is to determine whether the greater amount of credible evidence supports the verdict." *State v. Harvey*, 2020-Ohio-329, ¶ 12 (3d Dist.), quoting *Plott* at ¶ 73.

> Appellate courts "must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"

*State v. Randle*, 2018-Ohio-207, ¶ 36 (3d Dist.), quoting *Plott* at ¶ 73, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

**{¶12}** In this analysis, "the credibility of witnesses is primarily a determination for the trier of fact." *State v. Morris*, 2022-Ohio-3608, ¶ 41 (3d Dist.), quoting *State v. Banks*, 2011-Ohio-5671, ¶ 13 (8th Dist.). For this reason, an appellate court must "allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses." *State v. Sullivan*, 2017-Ohio-8937, ¶ 38 (3d Dist.), quoting *State v. Coleman*, 2014-Ohio-5320, ¶ 7 (3d Dist.). "Only in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Hunter*, 2011-Ohio-6524, ¶ 119, quoting *Thompkins* at 387.

Legal Analysis:

**{¶13}** To establish a conviction for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A), the State must prove that the defendant "fail[ed] to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." R.C. 2921.331(A). On appeal, Whitt raises two main arguments to challenge this conviction.

**{¶14}** First, Whitt argues that, in the absence of introducing a certified copy of his license suspension, the State could not establish that Sergeant Wisener gave a lawful order because the records in the computer database he accessed in his cruiser could have been inaccurate. However, he has not identified any legal

authority that would suggest that this conviction could only be established in this case through the introduction of a certified copy of his license suspension.

{¶15} At trial, Sergeant Wisener testified that he had known Whitt for a number of years; recognized Whitt as the driver of the pickup truck; and used Whitt's name to perform a records search on the computer in his police cruiser. Sergeant Wisener testified that the records search indicated that Whitt was driving under suspension. *See State v. Jenkins*, 2010-Ohio-5943, ¶ 14 (3d Dist.). From this testimony, a reasonable finder of fact could conclude that Whitt had a legal basis to initiate a traffic stop and that his order for Whitt to stop was, therefore, lawful.

{¶16} Turning to our manifest-weight analysis, no evidence in the record suggests that Whitt's license was not suspended at the time of the traffic stop. *See also State v. Woodfork*, 2005-Ohio-2469, ¶ 18 (4th Dist.); *State v. Wintermeyer*, 2017-Ohio-5521, ¶ 38 (10th Dist.) (citing cases that hold a police officer can reasonably rely on information in official computer databases in making decisions). For this reason, Whitt's arguments fail to establish that his conviction is against the manifest weight of the evidence. Thus, we conclude that this first argument is without merit.

{¶17} Second, Whitt argues that the State failed to carry the burden of persuasion on the issue of whether he fled from the police. At trial, Sergeant Wisener testified that, after he activated the lights on his police cruiser to initiate a traffic stop, he saw Whitt accelerate and drive away, reaching a speed of roughly

forty-five miles per hour as he went through a residential area. *See State v. Shafer*, 2006-Ohio-4189, ¶ 7-8, 27 (3d Dist.). Sergeant Wisener then activated his siren and continued to pursue Whitt until he brought his vehicle to a stop.

{¶18} While following the pickup truck, Sergeant Wisener could see that Whitt was using his mirror to watch the police cruiser. For this reason, he concluded that Whitt was aware that a police officer was attempting to effectuate a traffic stop. Sergeant Wisener also testified that, once the stop had been effectuated, Whitt explained his behavior by stating that he "got scared." (Tr. 117). *See also State v. Millik*, 2006-Ohio-202, ¶ 17 (11th Dist.).

{¶19} Further, in the dashboard camera footage introduced at trial, Whitt can be seen driving away from Sergeant Wisener until the gravel alleyway ended at an intersection. Given this evidence, the jury did not lose its way in concluding that Whitt fled rather than submit to a lawful order to stop his vehicle. Thus, we conclude that this second argument is without merit. Whitt has failed to establish that his conviction for failure to comply with an order or signal of a police officer is not supported by sufficient evidence or is against the manifest weight of the evidence.

{¶20} To establish a conviction for aggravated possession of drugs in violation of R.C. 2925.11(A) as a fifth-degree felony, the State must prove that the defendant "knowingly obtain[ed], possess[ed], or use[d] a controlled substance or controlled substance analog" that is "included in schedule I or II * * *." R.C.

2925.11(A), (C)(1)(a). Whitt raises three main arguments to challenge this conviction.

**{¶21}** First, Whitt asserts that the State failed to produce evidence that establishes that he was in possession of the methamphetamine located in this case. At trial, Sergeant Wisener testified that he located a portion of a blue latex glove that contained a white crystalline substance roughly forty feet away from where Whitt stopped his pickup truck. The State also played a recording from Sergeant Wisener's dashboard camera. In this footage, an item can be seen coming out of the driver's side window of the pickup truck that Whitt was driving as the police cruiser was following him. The video footage from the police cruiser's dashboard camera also indicates that Whitt chose to stop the vehicle that he was driving just after the drugs had been thrown out of his window.

**{¶22}** Further, Sergeant Wisener testified that he located a blue latex glove that was missing a finger inside a book bag that was in the bed of the pickup truck. Sergeant Wisener affirmed that Whitt indicated that he owned the black book bag. After his *Miranda* rights had been read to him, Whitt asked if the police had located the latex glove that had a missing finger. Once he was told that this item had been discovered, Whitt responded by saying, "well, I'll let the courts handle it then. I get it." (Tr. 129). From this evidence, a reasonable trier of fact could conclude that Whitt was in possession of the methamphetamine that was located by Sergeant Wisener. Thus, we conclude that this first argument is without merit.

{¶23} Second, Whitt argues that the drugs could have belonged to Fuller and that this possibility was not fully investigated by the police. On cross-examination, Sergeant Wisener testified that he never asked Fuller if the drugs belonged to her. However, he then explained that he spoke with Fuller before the drugs had been located. Sergeant Wisener also testified that the back window of the pickup truck was open and that he would have been able to see if Fuller had reached across the cab to throw the drugs out of the driver's side window. He also pointed out that Whitt was driving the pickup truck and that the drugs came out of the driver's side window of the vehicle. Thus, we conclude that this second argument is without merit.

{¶24} Third, Whitt argues that the police did not conduct a thorough analysis of the latex glove with the missing finger. As a part of this argument, he asserts that the State did not carry its burden of persuasion because no fingerprint analysis was conducted on the portion of the glove. This Court has previously held that the absence of a fingerprint analysis in a case does not render a conviction against the manifest weight of the evidence. *State v. Reed*, 2024-Ohio-4838, ¶ 51 (3d Dist.).

{¶25} Whitt also suggests that the latex finger containing the methamphetamines may not have come from the blue glove with the missing finger. However, Sergeant Wisener testified that the portion of the latex glove that was found on the roadside was a "direct fit" for the glove that was in the book bag. (Tr. 128). The jury was also presented with pictures of these two portions of the glove

for comparison. Thus, we conclude that this third argument is without merit. Whitt has failed to establish that his conviction for aggravated possession of drugs is not supported by sufficient evidence or against the manifest weight of the evidence.

{¶26} To establish a conviction for tampering with evidence in violation of R.C. 2921.12(A)(1), the State must prove that the defendant "knowing that an official proceeding or investigation [wa]s in progress, or [wa]s about to be or likely to be instituted * * * alter[ed], destroy[ed], conceal[ed], or remove[d] any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation." R.C. 2921.12(A)(1). Whitt raises two main arguments to challenge this conviction.

{¶27} First, he asserts that the State failed to establish that he was the person who threw the drugs out of the pickup truck. However, as we have noted previously, the State presented video footage of this item coming out of the driver's side window of the vehicle that Whitt was operating. Sergeant Wisener testified that he was able to see in the open back window of the pickup truck and did not observe Fuller make any movements across the cab. We also note that Whitt brought his vehicle to a stop shortly after the drugs had been tossed out of his window.

{¶28} Further, after the search of the vehicle, Whitt asked if the police had located the latex glove with a missing finger and stated that the book bag in which it was located belonged to him. From this evidence, a reasonable juror could conclude that he was the occupant of the vehicle who was in possession of the

contraband and tossed the methamphetamine out of the driver's side window. Thus, we conclude that this first argument is without merit.

**{¶29}** Second, Whitt argues that the State failed to establish that an investigation into whether he was in possession of drugs had been instituted or was likely to be instituted at the time that the latex glove finger came out of the window of his pickup truck. He points to the fact that Sergeant Wisener testified that he initiated a traffic stop based on his license suspension and did not mention that he had any suspicion of drug-related activities prior to activating the lights on his cruiser. For this reason, Whitt asserts that any contraband in his vehicle was not relevant to any likely or existing investigation.

**{¶30}** To prove that a defendant tampered with evidence, the State does have to prove that the record, document, or thing identified as evidence was "related to an existing or likely official investigation or proceeding." *State v. Straley*, 2014-Ohio-2139, ¶ 19. The "[l]ikelihood" of an official investigation was to be "measured at the time of the act of the alleged tampering." *Id*. *See also State v. Campbell*, 2019-Ohio-583, ¶ 11 (9th Dist.) (holding that, in this analysis, the defendant's "knowledge of a likely investigation is the relevant factor" rather than a police officer's "basis for initiating the traffic stop").

**{¶31}** At trial, Sergeant Wisener stated that he did not "know why he [Whitt] was running" away from the traffic stop but noticed Whitt begin to make movements in his vehicle as soon as the lights on the police cruiser had been activated. (Tr.

167). Sergeant Wisener testified that he could not focus too much on Whitt's movements because he was watching for children as he pursued the pickup truck through this residential area. After Whitt stopped his vehicle, Sergeant Wisener's earlier observations of Whitt's movements led him (Sergeant Wisener) to ask Fuller if Whitt "was eating dope" while he sped away.

**{¶32}** Further, after searching the pickup truck, Sergeant Wisener walked down the side of the roadway and located the contraband roughly forty feet from where Whitt had stopped his vehicle. Sergeant Wisener explained that he examined the roadway because "it's common when somebody takes off like this, something gets tossed out of a window * * *." (Tr. 125). This testimony indicates that, after he activated his traffic lights and observed Whitt begin to make movements while driving away, Sergeant Wisener came to believe that Whitt may have been engaged in criminal activities aside from driving with a suspended license and even came to suspect that Whitt was in possession of illegal drugs.

**{¶33}** We find that the facts in the case before us present similar issues to those raised in *State v. Johnson*, 2023-Ohio-30, ¶ 5 (6th Dist.). In that case, law enforcement stopped Johnson after observing him commit a traffic violation. *Id.* at ¶ 5. Johnson parked on the side of the road until the officer got out of his cruiser. *Id.* at ¶ 8. Johnson then drove away, resulting in a high speed chase that lasted for roughly ninety seconds. *Id.* While this chase was occurring, another driver saw

Johnson throw a black box out of his window. *Id*. at ¶ 10. This other driver then called the police to report what he had witnessed. *Id*.

**{¶34}** After coming to a stop, Johnson informed the police that he sped away because his license was under suspension. *Johnson* at ¶ 13. While the black box was never recovered, Johnson admitted that he threw narcotics out of his window while being pursued by the police. *Id*. at ¶ 49. This act resulted in Johnson being charged with and convicted of tampering with evidence. *Id*. at ¶ 1. The Sixth District reached the following conclusion in deciding whether Johnson knew an official investigation was likely or in progress:

> [W]e measure the likelihood of an investigation 'at the time of the alleged tampering,' not at the time an officer initiates the stop. *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 19. Johnson's alleged tampering occurred during the high-speed chase, after he fled from the initial investigatory traffic stop. Surely, a rational jury could find that Johnson was aware that he would probably be apprehended and that an investigation would likely occur, since he was immediately pursued by Sergeant Henn, with his lights and siren activated, and a reasonable person would not feel the need to toss the pills—while trying to elude police—if he did not believe an investigation was imminent.

*Id*. at ¶ 48. As in *Johnson*, Whitt sped away from the police for a period of time that was just long enough to enable him to discard the illegal drugs in his possession before he was detained in a traffic stop.

**{¶35}** Based on the evidence at trial, a reasonable jury could find that Whitt, fearing apprehension for driving with a suspended license, removed this contraband from his vehicle by throwing it out of his window for the purpose of making this

evidence unavailable during the police investigation into his activities at the traffic stop. A jury could also find that, on observing Whitt speed away and engage in frantic movements, Sergeant Wisener came to the reasonable conclusion that Whitt was engaged in criminal activities aside from driving with a suspended license. Thus, we conclude that this second argument is without merit. Accordingly, Whitt has failed to establish that his conviction for tampering with evidence is not supported by sufficient evidence or against the manifest weight of the evidence.

{¶36} In summary, a reasonable trier of fact could have found that the State produced evidence at trial to substantiate each of the essential elements of the three offenses for which Whitt received convictions. For this reason, we conclude that Whitt's three convictions are supported by sufficient evidence. Further, having examined the evidence in the record, we find no indication that the jury lost its way and returned verdicts that were against the manifest weight of the evidence. Accordingly, the first and second assignments of error are overruled.

*Conclusion*

{¶37} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**